THE STATE v. NORWOOD PARKER.

An indictment charged defendant with committing acts in the township of Little Egg Harbor, in the county of Ocean, which would be misdemeanors under the "Act to protect the planting and cultivating of oysters in the tide waters of the county of Ocean," approved May 11th, 1886, if that act applies to that township. At the passage of that act that township was in the county of Burlington. It was annexed to the county of Ocean by an act approved March 30th, 1891. *Held*, that the purpose of the act of 1886 was to grant special privileges to all citizens of this state, to be exercised within the tide waters of a locality described as the county of Ocean, and that those privileges were not extended to be exercised within the tide waters of the annexed township by the act of 1891.

On motion to quash indictment.

Argued at June Term, 1894, before Justices MAGIE and GARRISON.

For the motion, *Charles E. Hendrickson.*

*Contra, Isaac W. Carmichael.*

The opinion of the court was delivered by

MAGIE, J. An indictment was presented by the grand jury of Ocean county against Norwood Parker for acts done in the township of Little Egg Harbor, in that county, which are misdemeanors under the provisions of the "Act to protect the planting and cultivating of oysters in the tide waters of the county of Ocean," approved May 11th, 1886 (*Rev. Sup., p.* 122), if that act applies to that township.

The indictment was removed to this court by *certiorari,* and Parker now moves to quash the same upon various grounds. It is unnecessary to consider any of the grounds but one, for, on that ground, we think the motion must prevail.

The plain purpose of the act above cited was to grant certain privileges to the citizens of this state, to be exercised within the tide waters of a certain locality. If the legislature possessed constitutional power to grant such privileges, it could have defined the territory in which they were to be exercised by metes and bounds. But it deemed it wise to indicate the locality by reference to a county—a political division of the state—the metes and bounds of which were already fixed. Such a grant did not affect the local government or the corporate powers of the county of Ocean. The name of the county was used simply as descriptive of a locality, in the tide waters lying within which the legislature intended to grant certain privileges.

At the time of the passage of that act the township of Little Egg Harbor constituted a part of the county of Burlington, and the tide waters within that township were consequently not affected by the act, and no one could acquire special privileges therein under its provisions.

By "An act to annex the township of Little Egg Harbor, in the county of Burlington, to the county of Ocean," approved March 30th, 1891 (*Pamph. L., p.* 538), the township in question was taken from Burlington county and made a part of Ocean county. The act declared that it should thereafter be subject to the laws applying to Ocean county and should have the privileges and immunities of the other portion of that county. The purpose of this act was to increase one of the political subdivisions of the state, and its language was aptly chosen to express the legislative intent that the newly-added portion should stand on an equality of political and corporate rights and privileges with the other portions of the municipal corporation to which it was annexed. But I fail to find in this language, or any other part of the act, the least indication of a legislative intent to extend the privileges granted to all the citizens of the state by the act of May 11th, 1886, in the tide waters of the locality called Ocean county to the tide waters included in this township. The act certainly contains no express extension of such privi-

leges. If it be admitted that they could be extended by implication, which is very questionable, there is nothing to justify any implication that such was the legislative intent.

Judicial notice must be taken that the township of Little Egg Harbor, in 1886, was in Burlington county, and its tide waters were not affected by the act of May 11th, 1886. As that township has not, by subsequent legislation, been included in the locality within which the privileges granted by that act are to be exercised, an indictment charging an offence against that act committed within that township cannot be sustained.

Let the indictment be quashed.